WIENER, Circuit Judge,
dissenting, joined by JOHNSON, Circuit Judge.
My usual temerity — and Judge Johnson’s — in dissenting from any of Judge Garwood’s opinions is heightened in this instance by the awareness of the landslide concurring vote that his opinion was given by our colleagues on the en banc court. But as the erstwhile panel majority, Judge Johnson and I remain convinced that Mr. E.E. Johnson was entitled to recover under the FTCA. Having killed so many trees, however, through publication of our original panel majority opinion (first opinion)[1] and our supplemental and amending panel opinion (second opinion),[2] we shall refrain from regurgitating ad nauseam the pertinent facts and the law as we see it. Rather, we reiterate and adopt by reference the factual and legal positions we espoused in our second opinion.
Our unwavering belief continues to be that the district court correctly concluded, albeit for the wrong reasons, that Mr. Johnson did have a valid cause of action under the FTCA. The basis for the district court’s judgment, which we erroneously adopted in our first opinion, was that the requisite state law cause of action (and thus the “duty” owed) for Johnson’s FTCA claim was supplied by § 6103, a federal statute. We did our best in our second opinion, however, to correct our mistake, first by expressly disavowing our earlier pronouncement and then by affirming the district court for reasons which were and remain valid under the FTCA: The state cause of action required for a valid FTCA claim is here supplied by one of Texas’s recognized invasion-of-privacy torts — usually denominated “public disclosure of embarrassing facts” — as well as by negligence per se. We tried carefully to distinguish the duty owed from the standard of care required in the performance of that duty. In this dichotomy, the prerequisite state tort created the duty and thus the cause of action for a breach thereof; the federal statute— § 6103 — merely supplied the standard of care for determining whether the duty was breached.
Regrettably, the en banc majority opinion from which we dissent today turns a blind eye to this dichotomy when it states, in its opening paragraph, that the panel majority “ultimately grounds the duty not to disclose on federal law.” By thus misreading or mis-charaeterizing the principal thrust of our second opinion, the en banc majority opinion essentially ignores the duty/standard of care analysis of our second opinion. Consequently, the en banc majority opinion wrongly concentrates its efforts on rejecting our first opinion’s admittedly erroneous contention that § 6103 was the source of the duty owed to Mr. Johnson rather than the measure of the standard of care for a performance or breach of a state law duty. But we already rejected that theory when we filed the second opinion! Because our colleagues who have concurred in the en banc majority opinion seem nevertheless to have swallowed its legal legerdemain hook, line and sinker, there is nothing left for us to say except “Please — go back and re-read our second opinion!”
We believe that the propriety of this entreaty is confirmed by the quantity of ink *739 devoted in the en banc majority opinion to justifying its conclusion that those facts included in the press release that were return information but were not public record[3] were somehow not the kind of private facts that are actionable under the state tort that we, in our second opinion, insisted did establish the state law duty and thus the predicate state law cause of action for FTCA purposes. If we had indeed merely continued to hold that Johnson’s FTCA cause of action was grounded in § 6103, would the en banc majority have felt so strongly compelled thus to explain away the Texas statutory tort by characterizing the non-public record, return facts as not embarrassing? “The lady doth protest too much, me thinks.”[4]
Reduced to its barest essentials, our position was and remains that a private citizen has a duty under the Texas tort law not to do what the IRS agents, particularly Special Agent Stone, did here. Consequently, the FTCA is available to those like Johnson to whom such a duty is owed. Our second opinion demonstrates the availability of that Texas tort to serve as the state law basis for Johnson’s FTCA claim.
Only after successfully completing the search for a state law cause of action do we look to the federal statute — § 6103 — and then only as the source of an applicable yardstick, the standard of care against which to test the federal agents’ actions that so undeniably damaged Mr. Johnson. In this second inquiry there can be no serious dispute that Texas courts examining the actions of private citizens accused of breaching a state law duty can and frequently do use the provisions of statutes — not just state or local but federal as well — as standard-of-care yardsticks. Given the state law duty and the statutory standard of care, Mr. Johnson’s right to seek recovery under the FTCA is unassailable.
I respectfully dissent.

. Johnson v. Sawyer, 980 F.2d 1490 (5th Cir.1992).

. Johnson v. Sawyer, 4 F.3d 369 (5th Cir.1993).

. Remember, the record of the plea and sentencing hearing was not even transcribed and filed until more than three months after the damaging news releases were disseminated and published, and well after Mr. Johnson was demoted and removed from the company's Board of Directors.

. Shakespeare, Hamlet III, ii, 242.